Robert J. Itri (Bar No. 10938)
Janey Henze (Bar No. 22496)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: rji@gknet.com
Email: janey.henze@gknet.com

Attorneys for Plaintiff Farnam Companies, Inc.
d/b/a Central Life Sciences

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Farnam Companies, Inc., d/b/a Central Life Sciences,<br><br>Plaintiff,<br><br>v.<br><br>Animal Health Division of Bayer Healthcare, LLC,<br><br>Defendant. | 2:10-CV-02583-HRH<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND**<br><br>**(Oral Argument Requested)** |

Plaintiff Farnam Companies, Inc., d/b/a Central Life Sciences ("Farnam"), hereby files its Reply in support of its Motion to Amend. Farnam has properly stated a claim pursuant to the Federal Rules of Civil Procedure, this Court has subject matter jurisdiction over this matter, and Farnam's Motion to Amend should be granted. This Motion is supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. PREFATORY STATEMENT**

In its Response and opposition to Farnam's request for leave to amend, Bayer asserts that Farnam fears a "fair proceeding." Such assertion is the pinnacle of hypocrisy for it is Bayer, not Farnam, that fears a fair proceeding. Bayer has made very effort to strip jurisdiction from this Court and to divert resolution of its false advertising claims to Bayer's favored forum, the NAD—a private "voluntary" forum in which Farnam could not avail itself of all of its legal and

equitable defenses or trial by jury; a forum which does not adhere to the federal rules governing procedure or evidence; a forum which follows its own case precedent, rather than precedent set by federal or state judiciary. Proceeding before such a forum can hardly be deemed fair to Farnam.

Moreover, although Bayer argues that there is no case or controversy, Bayer has made it exceedingly clear that it intends to pursue its false advertising claims before the NAD. Those false advertising claims, whether clothed as violations of the Lanham Act, FIRFA or FTC guidelines, bring with them the threat of governmental action if Farnam chooses not to participate in the NAD process—a fact which Bayer is well aware and on which, in all likelihood, Bayer is counting. Accordingly, a case or controversy still exists. To the extent the Court concludes that Farnam's original Complaint does not adequately state a claim, Farnam's proposed First Amended Complaint cures its deficiencies.

**II. DISCUSSION**

**A. THE MOTION TO AMEND SHOULD BE GRANTED**

The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has noted that "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). As a result, Rule 15(a) is applied with "extreme liberality." *Id.*

Farnam maintains that it has properly stated a claim for relief under the Rules. However, if the Court finds that the Complaint fails to state a claim or that Counts Two and Three lack subject matter jurisdiction, Farnam respectfully submits that any deficiencies are cured in its proposed First Amended Complaint and the Court should grant its Motion to Amend.

**B. AMENDMENT TO THE COMPLAINT IS NOT FUTILE; A CASE OR CONTROVERSY EXISTS**

Bayer has argued that any amendment to the Complaint would be futile because the Court would lack jurisdiction over claims set forth in the Proposed First

Amended Complaint.  However, this Court has jurisdiction over Farnam's Lanham Act claims as alleged in the First Amended Complaint, and allowing the Amended Complaint to be filed would not be futile.

Bayer alleged that Farnam engaged in false advertising.  The same facts giving rise to the Lanham Act allegations also give rise to the argument that an FTC violation has occurred.[1]  The very relief sought by Bayer at the NAD is that it find a violation of the FTC, the Lanham Act and the FIRFA.  As just one example, Bayer writes: "Bayer requests that the NAD recommend discontinuation of Ms. Jenkins' entire endorsement because it violates the FTC guidelines and is unsubstantiated and false."  *NAD Complaint at page 13, emphasis added.*  The Proposed Amended Complaint makes clear that Farnam is seeking a declaratory judgment that its advertising is not false and misleading as alleged by Bayer.

There is no doubt from the record before the Court that Bayer would prefer to be before the NAD.  But Bayer cannot compel Farnam to participate in a voluntary proceeding.  Each of the authorities cited by Bayer for the proposition that a stay is appropriate involve an already ongoing proceeding where both parties are voluntary participants.  If Farnam does not participate at the NAD, it is certain it will face action by the FTC.  It faces that action because of Bayer, and Bayer's Complaint to the NAD.  Bayer has brought on this problem, but now argues that it cannot be brought before the Court for the problem to be resolved.  Farnam is entitled to a declaratory judgment based

---

[1] In fact, Bayer's Complaint before the NAD is premised upon the idea that Farnam's advertising does not comply with FTC guidelines.  Bayer would like this Court to issue a stay so that it can attempt to get the NAD to issue a statement that Farnam is not complying with FTC guidelines, yet states that Farman has no right to ask the Court to do the same, even after Farnam has amended its Compliant to include only the false and misleading advertising claims.  Farnam agrees that Bayer would not have a private right of action against it in Court under the FTC, but it does not agree that it cannot therefore litigate the facts of the false advertising claims under the Lanham Act, just because they are the same facts that allegedly give rise to an FTC violation.

on these facts.

Bayer states that Farnam has no right to "drag Bayer into Court." Response at page 3. If Bayer wants to file a declaration with the Court that it will not pursue action against Farnam in any forum, including at the NAD, then perhaps the case or controversy would be eliminated. But instead, Bayer wants to "have its cake and eat it to." It wants to claim that it cannot be brought before the Court, while all the while, filing an action against Farnam before the NAD. It wants to state that Farnam cannot litigate any issues involving the FTC in Court, and then seek from the NAD a finding that Farnam has not complied with the FTC Guidelines. It urges the Court for a stay "to allow a voluntary proceeding to go forward," while all the while knowing that Farnam will not participate at the NAD and therefore, will be referred to the FTC. The issues in this lawsuit were brought on by Bayer. Farnam simply seeks to have the issues adjudicated in a fair forum where it knows all of its defenses are available.

Without citing any case law, Bayer asserts that "the essence of a declaratory judgment suit is a party's apprehension that it will be sued, which apprehension has to be created by some threatening actions of the other party." Response at page 6. However, the case law provides that declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *Bilbrey By Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984). "Basically the question in each case is whether the facts alleged, under all the circumstances, show there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal and Oil Co.* 312 U.S. 270, 273, 61 S. Ct. 510 (1941); *see also Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S. Ct. 764, 772 (2007). Because of Bayer's actions before the NAD, a controversy exists which cannot be cured by a promise not to sue. Even if Bayer does not

4

intend to sue in Federal Court, it does intend to file a Complaint before the NAD. If Farnam does not participate, Farman faces certain government action against it.

Bayer has not cited any case which has decided the issue currently before this Court. A "declaration not to sue" in a patent or trademark case may in fact end a case or controversy surrounding patent and trademark issues because a party's promise to not sue would resolve those issues. But a declaration not to sue cannot eliminate the <u>false advertising claims</u> under these circumstances because it does not eliminate the substantial controversy between the parties. Unlike the cases cited by Bayer where the declarations eliminated the controversies between the parties, here Bayer has said with utmost certainty it intends to have this issue decided by the NAD. If Farnam does not participate, it faces certain action from the FTC. Thus, the controversy survives and a declaratory judgment is appropriate.

Furthermore, the fact that Bayer would face certain action by the FTC if it did not participate at the NAD level distinguishes this case from those cited by Bayer. Bayer argues that Farnam misinterprets *Medimmune, Inc. v. Genetech, Inc.* However, *Medimmune* is clearly instructive:

> Our analysis must begin with the recognition that**, where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat-for example, the constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction.** For example, in *Terrace v. Thompson,* 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255 (1923), the State threatened the plaintiff with forfeiture of his farm, fines, and penalties if he entered into a lease with an alien in violation of the State's anti-alien land law. Given this genuine threat of enforcement, we did not require, as a prerequisite to testing the validity of the law in a suit for injunction, that the plaintiff bet the farm, so to speak, by taking the violative action. *Id.,* at 216, 44 S.Ct. 15. See also, *e.g., Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Likewise, in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), we did not require the plaintiff to proceed to distribute handbills and risk actual prosecution before he could seek a declaratory judgment regarding the constitutionality of a state statute prohibiting such distribution. *Id.,* at 458-460, 94 S.Ct. 1209. As then-Justice Rehnquist put it in his concurrence, **"the declaratory judgment procedure is an alternative to pursuit of the arguably illegal**

> **activity.**" *Id.,* at 480, 94 S.Ct. 1209.  In each of these cases, the plaintiff had eliminated the imminent threat of harm by simply not doing what he claimed the right to do (enter into a lease, or distribute handbills at the shopping center).  That did not preclude subject-matter jurisdiction because the threat-eliminating behavior was effectively coerced. See *Terrace, supra,* at 215-216, 44 S.Ct. 15; *Steffel, supra,* at 459, 94 S.Ct. 1209.  The dilemma posed by that coercion-putting the challenger to the choice between abandoning his rights or risking prosecution is "a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

*Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128-129, 127 S. Ct. 764, 772-773 (2007).  Here, Farnam has the choice of either abandoning its rights or risking action by the FTC.  (If there is no pending litigation and a party elects not to participate in the "voluntary" process, the NAD will refer the matter to the "appropriate federal or state law enforcement agency," including the FTC.  Ex. 1 to the Response, § 2.1(F)(iii); *see also* Hughes-Coons Decl, ¶ 6.  The referral to the FTC is based on Bayer's filing of the NAD Complaint, and unless Bayer agrees to not file an NAD complaint, the controversy, and threat of government action, remains.

### III. CONCLUSION

As a case or controversy still exists, the Court should grant Farnam's Motion to Amend.

RESPECTFULLY SUBMITTED this 7th day of March, 2011.

                                            GALLAGHER & KENNEDY, P.A.

                                            By */s/ Robert J. Itri*
                                                Robert J. Itri
                                                Janey Henze
                                                2575 East Camelback Road
                                                Phoenix, Arizona 85016-9225
                                                Attorneys for Plaintiff Farnam Companies, Inc., d/b/a Central Life Sciences

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of March, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Nicole M. Goodwin, Esq.
Quarles & Brady, LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona  85004-2391

David H. Bernstein, Esq.
Camille Calman, Esq.
Debevoise & Plimpton, LLP
919 Third Avenue
New York, New York  10022

*/s/ Jeanette Burkey*

2681026