IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


FARNAM COMPANIES INCORPORATED,   )
an Arizona corporation doing     )
business as Central Life Sciences, )
                                 )
                    Plaintiff,   )
                                 )
        vs.                      )
                                 )
BAYER HEALTHCARE LLC, named as   )
Animal Health Division of Bayer  )
HealthCare LLC,                  )
                                 )   No. 2:10-cv-2583-HRH
                    Defendant.   )
_____)


O R D E R

Motion to Dismiss, or
Alternatively to Stay; Motion to Amend

Defendant moves to dismiss plaintiff's complaint, or in the alternative, for a stay.[1]  Plaintiff opposes this motion,[2] or in the alternative, moves to amend its complaint.[3]  Oral argument was requested and has been heard.

---

[1]Docket No. 12.

[2]Docket No. 14.

[3]Docket No. 15.

Background

Plaintiff is Farnam Companies, Inc. d/b/a Central Life Sciences.  Defendant is the Animal Health Division of Bayer Healthcare, LLC.

Plaintiff and defendant sell competing flea and tick control products for dogs and cats.[4]  Plaintiff sells Bio Spot; defendant sells K9 Advantix and Advantage.[5]  Plaintiff has always sold Bio Spot over-the-counter.[6]  Defendant had sold K9 Advantix and Advantage exclusively through veterinarians but in 2010 began selling them over-the-counter as well.[7]

Plaintiff's print and website ads claim that Bio Spot is "as effective as popular vet brands", offers the "best solution" for flea and tick control, is "the best flea and tick control available, and is "the choice of professionals."[8]  On August 20, 2010, defendant advised plaintiff that it believed that some of plaintiff's advertisements for Bio Spot were "misleading, convey[ed] false and unsubstantiated claims and [were] in violation of federal

---

[4]Complaint for Declaratory Judgment at 2, ¶ 6, Docket No. 1.

[5]Id.

[6]Id. at 3, ¶ 12.

[7]Id. at 3, ¶¶ 13-14.

[8]See Exhibits C-F, Defendants' NAD Complaint, Exhibit C to Complaint for Declaratory Judgment, Docket No. 1.

law."[9]   Plaintiff responded that it believed that its "product comparisons were based upon the products' respective EPA-approved label claims, and thus, were true" and that its "use of the word 'best' in its advertising [was] mere puffery or opinion[.]"[10]

On November 4, 2010, defendant submitted a formal complaint challenging plaintiff's Bio Spot advertising to the National Advertising Division of the Council of Better Business Bureau (NAD).[11] NAD is the advertising industry's forum for self-regulation of advertising disputes.   The NAD procedure is relatively straightforward.   The challenger and the advertiser each file one or two written submissions; NAD holds a meeting with each party to discuss the concerns; and NAD then issues a decision, usually within sixty days.   Participation in a NAD proceeding by the advertiser is voluntary, but if "the advertiser elects not to participate in the self-regulatory process, NAD/CARU shall prepare a review of the facts with relevant exhibits and forward them to the appropriate federal or state law enforcement agency."[12]   "The FTC takes refusals

---

[9]Complaint for Declaratory Judgment at 4, ¶ 18.

[10]Id. at ¶¶ 23-24.

[11]Id. at 5, ¶ 26.

[12]The Advertising Industry's Process of Voluntary Self-Regulation at 2, ¶ 2.1F (March 8, 2010), Exhibit B, Declaration of Cynthia Hughes-Coons in Support of Animal Health Division of Bayer HealthCare LLC's Motion to Dismiss or, Alternatively to Stay, Docket No. 13.

to participate in NAD ... proceedings very seriously, and has brought numerous actions after referrals from" NAD.[13]

Plaintiff chose not to participate in the NAD proceeding. Instead, plaintiff commenced this declaratory judgment action on November 30, 2010.  Plaintiff's complaint contains four counts. Count One is a Lanham Act claim in which plaintiff seeks a declaration that its advertising claims are not actionable under the Lanham Act or that defendant "has no standing to sue Farnam, under the Lanham Act" because plaintiff's advertising claims were not directed at defendant's products; "are truthful, adequately substantiated and lawful under the Lanham Act;" and are mere puffery or statements of opinion.[14]  Count Two is a claim based on a Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) regulation.  In Count Two, plaintiff seeks a declaration that its advertising claims are not actionable under the FIFRA regulation because they are not directed at defendant; are truthful, adequately substantiated and lawful under FIFRA regulations; and are mere puffery or statements of opinion.[15]  Count Three is a claim based on defendant's allegation that one of plaintiff's advertising videos, the Jenkins Video,

---

[13]Transcript of Keynote Address by Commissioner Pamela Jones Harbour before the National Advertising Division Meeting, New York, New York, September 26, 2005 at 2, Exhibit 2, Plaintiff's Opposition in Response to Defendant's Motion to Dismiss, or Alternatively, Stay, Docket No. 14.

[14]Complaint for Declaratory Judgment at 8, ¶ 45, Docket No. 1.

[15]Id. at 9, ¶ 51.

violates a Federal Trade Commission (FTC) Act regulation.  In Count
Three, plaintiff seeks a declaration "that the statements made in
the Jenkins Video comply with FTC guidelines[.]"[16]  In Count Four,
plaintiff alleges that defendant has been aware of plaintiff's
advertising since 2006, and plaintiff seeks a declaration that
defendant's "claims are barred by the doctrine of laches, estoppel
and/or acquiescence."[17]

Pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil
Procedure, defendant now moves to dismiss plaintiff's complaint.
Defendant contends that the court lacks subject matter jurisdiction
over plaintiff's claims and that plaintiff has failed to state
facially plausible claims as to Counts Two and Three.  In the
alternative, defendant moves to stay this matter until NAD has
reached a decision.  In the event that the court dismisses any or
all of its claims, plaintiff moves to amend its complaint to cure
any deficiencies.

<u>Discussion</u>

"A Rule 12(b)(1) jurisdictional attack may be facial or
factual."  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th

---

[16]<u>Id.</u> at 11, ¶ 63.

[17]<u>Id.</u> at 12, ¶ 72.  In the briefing, neither party mentions
Count Four, presumably because it is essentially a defense to any
claims defendant might bring against plaintiff and thus has no
effect on the court's subject matter jurisdiction.  <u>See</u> <u>Janakes v.
U.S. Postal Srvc.</u>, 768 F.2d 1091, 1093 (9th Cir. 1985).  If any of
plaintiff's other counts survive defendant's motion to dismiss,
then Count Four would survive as well.

Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id.  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. In a facial attack, the court "'assume[s] [plaintiff's] [factual] allegations to be true and draw[s] all reasonable inferences in his favor.'" Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004)).

Defendant argues that the court lacks subject matter jurisdiction over Counts One through Three of plaintiff's complaint because there is no case or controversy.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a). In order for the "case or controversy" requirement to be met in a declaratory judgment action, "'the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127

(2007) (quoting <u>Maryland Casualty Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941)).

There is no private right of action under FIFRA or the FTC Act. <u>See</u> <u>Fiedler v. Clark</u>, 714 F.2d 77, 79 (9th Cir. 1983) (holding that no private right of action exists under FIFRA); <u>Carlson v. Coca-Cola Co.</u>, 483 F.2d 279, 280-81 (9th Cir. 1973) (holding that there is no private right of action under the FTC Act).  Because there is no private right of action, there is no case or controversy.  <u>See</u> <u>In re Digimarc Corp. Derivative Litig.</u>, 549 F.3d 1223, 1229 (9th Cir. 2008).  Because there is no case or controversy, the court lacks subject matter jurisdiction of Counts Two and Three of plaintiff's complaint.  Thus, plaintiff's FIFRA claim in Count Two and its FTC Act claim in Count Three must be dismissed.

Plaintiff is not given leave to amend as to Counts Two and Three because any amendment as to these counts would be futile. Plaintiff apparently recognized as much because in its proposed amended complaint, plaintiff deletes its FIFRA and FTC Act claims. Plaintiff has, however, included, as part of its Lanham Act claim, an allegation that defendant contends that plaintiff's advertising claims are "unsubstantiated, false, misleading and violate 40 C.F.R. § 156.10(a)(5)(ii) & ((iv), and 16 C.F.R. § 255 *et seq.* and constitute unfair competition under the Lanham Act...."[18]  Plaintiff

_____

[18]Proposed First Amended Complaint for Declaratory Judgment at 7, ¶ 41, attached to Notice of Filing Attachment to Plaintiff's (continued...)

cannot indirectly try to enforce FIFRA and FTC Act regulations
through a Lanham Act claim. See Mylan Lab., Inc. v. Matkari, 7 F.3d
1130, 1139 (4th Cir. 1993) (dismissing for failure to state a claim
plaintiff's "ingenious" attempt to "use the Lanham Act as a vehicle
by which to enforce the" FDCA, which does not create a private right
of action); see also, PDK Labs, Inc. v. Friedlander, 103 F.3d 1105,
1113 (2d Cir. 1997) (same). Plaintiff may not amend its complaint
to include allegations concerning FIFRA and FTC Act regulatory
violations in its Lanham Act claim.

Turning then to plaintiff's Lanham Act claim as it is currently
pleaded, plaintiff alleges that defendant lacks standing to bring
a Lanham Act claim.[19] For purposes of the instant motion, the court
assumes that plaintiff's allegations are true. If defendant lacks
standing, plaintiff cannot have a reasonable apprehension that
defendant would sue plaintiff for Lanham Act violations. Without
a reasonable apprehension of ensuing litigation, there is no case
or controversy in a declaratory judgment action. See Spokane Indian
Tribe v. U.S., 972 F.2d 1090, 1092 (9th Cir. 1992) (quoting Hal
Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555
(9th Cir. 1990)) ("If the defendant's actions cause the plaintiff
to have a 'real and reasonable apprehension that he will be subject

_____

[18](...continued)
Motion to Amend Complaint, Docket No. 17.

[19]Complaint for Declaratory Judgment at 8, ¶ 45, Docket No. 1.

-8-

to liability,' the plaintiff has presented a justiciable case or controversy."). Plaintiff contends that it did not intend to allege that defendant lacked constitutional standing, that it intended to plead that because its advertising claims were not false, defendant had no claim under the Lanham Act. But, even reading plaintiff's complaint generously, as the court must on a motion to dismiss, see Doe, 557 F.3d at 1080, what plaintiff pleaded was that defendant did not have standing to bring a Lanham Act claim, which can only be understood to mean that defendant lacked constitutional standing. Thus, plaintiff's Lanham Act claim in Count One must be dismissed.

Plaintiff seeks to amend its complaint to correct the standing problem. In its proposed first amended complaint, plaintiff has deleted the allegation that defendant has no standing to sue under the Lanham Act in Count One,[20] although in its prayer for relief, it still requests "a declaration that Farnam's advertising claims are not actionable, or that Bayer has no standing to sue Farnam[.]"[21]

Defendant argues that any amendment to plaintiff's Lanham Act claim would be futile because defendant has definitively stated that it will not sue plaintiff for any Lanham Act violations, thereby divesting the court of its subject matter jurisdiction. "The declaratory judgment plaintiff must be able to show that the feared

---

[20]Proposed First Amended Complaint for Declaratory Judgment at 8, ¶ 45, attached to Notice of Filing Attachment to Plaintiff's Motion to Amend Complaint, Docket No. 17.

[21]Id. at 12.

lawsuit from the other party is immediate and real, rather than
merely speculative." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 712
(7th Cir. 2002).  Defendant insists that any apprehension on
plaintiff's part of a lawsuit by defendant is mere speculation.

First, defendant points out that it cannot bring a NAD action
and a court action simultaneously because NAD will not accept a case
if the matter is the subject of court litigation.  Second, Cynthia
Hughes-Coons, defendant's "Assistant General Counsel," avers:

> Bayer filed its action at the NAD because it
> had no intention of suing Farnam in court.
> Rather, as Bayer made clear with the filing of
> the NAD challenge, Bayer's only intention was
> to seek a resolution of this advertising
> dispute at the NAD (as Bayer and its
> competitors have done with other advertising-
> related challenges in recent years).  I can
> affirm that Bayer continues to have no
> intention of suing Farnam over the Bio Spot
> advertising at issue in this case.  However NAD
> rules, Bayer will accept NAD's decision in this
> case.[22]

After plaintiff questioned Hughes-Coons' authority to bind defendant
and whether her statements also pertained to the future use of
plaintiff's Bio Spot advertising, defendants submitted a second
declaration from Hughes-Coons in which she avers:

> I can confirm, represent, promise and warrant,
> on behalf of Bayer Healthcare LLC, that Bayer
> will not sue Farnam in any court for any past,
> present or future use by Farnam of the specific
> advertisements discussed in Farnam's complaint
> in this case.  Rather, Bayer intends to
> continue to seek NAD review of Farnam's

---

[22]Hughes-Coons Declaration at 6, ¶ 14, Docket No. 13.

> advertising.    Even  if  Farnam  refuses  to
> participate  in  the  NAD  process,  and  even  if
> Farnam  refuses  to  accept  any  recommendations
> the  NAD  might  issue  after  its  review,  Bayer
> will  not  file  any  action  in  any  court  against
> Farnam  with  respect  to  these  advertisements.[23]

While  Hughes-Coons'  declarations  establish  that  defendant  has  no
intention  of  suing  plaintiff  over  its  advertising  claims,  that  does
not  mean  that  there  is  no  case  or  controversy  here.

Plaintiff  has  made  it  clear  that  it  will  not  participate  in  the
voluntary  NAD  process,  and  defendant  has  made  it  clear  that  it
intends  to  pursue  its  claims  against  plaintiff  in  the  NAD  forum.
If  defendant  does  so,  plaintiff  will  not  participate.   If  plaintiff
does  not  participate,  NAD  will  refer  the  matter  to  the  FTC  and  there
is  a  real  possibility  that  the  FTC  would  then  take  action  against
plaintiff.   Quite  simply,  as  long  as  defendant  intends  to  pursue
this  matter  before  NAD,  the  controversy  between  plaintiff  and
defendant  over  whether  plaintiff's  advertising  violates  the  Lanham
Act  does  not  end  with  defendant's  promise  not  to  sue.

The  cases  defendant  cites  to  the  contrary  are  distinguishable
because  they  did  not  involve  the  possibility  of  NAD  proceedings.
See  Janssen Pharmaceutica, N.V. v. Apotex, Inc.,  540  F.3d  1353,
1363-64  (Fed.  Cir.  2008)  (no  case  or  controversy  in  patent
infringement  case,  in  part,  because  defendant  covenanted  not  to

---

[23]Supplemental  Declaration  of  Cynthia  Hughes-Coons  in  Support
of  Animal  Health  Division  of  Bayer  HealthCare  LLC's  Motion  to
Dismiss  or  Alternatively,  to  Stay  at  2,  ¶  2,  Docket  No.  19.

sue); <u>Benitec Australia, Ltd. v. Nucleonics, Inc.</u>, 495 F.3d 1340, 1347-48 (Fed. Cir. 2007) (same); <u>Dodge-Regupol, Inc. v. RB Rubber Products, Inc.</u>, 585 F. Supp. 2d 645, 649-655 (M.D. Pa. 2008) (same). The court is mindful of the fact that the FTC is not a party to this action and that defendant would not be a party to any action brought by the FTC following a NAD referral.   But, it is because of defendant's conduct that the FTC could bring an action against plaintiff.   That possibility exists and is not merely speculative, given that plaintiff has stated that it will not participate in the NAD proceeding that defendant has stated it intends to pursue.   A case or controversy exists despite defendant's promise not to sue, and thus amendment of plaintiff's Lanham Act claim would not be futile.   Plaintiff is given leave to amend as to its Lanham Act claim.

Because all of plaintiff's claims are not being dismissed with prejudice, the court must consider defendant's alternative motion to stay this case to allow NAD to complete its review.   "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).   This power includes issuing a stay of proceedings.   <u>See</u> <u>Leyva v. Certified Grocers of Calif., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979).   In deciding whether to issue a stay, "[t]he district court is required to

-12-

perform a five-factor balancing test, considering the interests of the parties, the public, and the court."  Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 9th Cir. 2007).  The five factors the court considers are

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil ... litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995).

Plaintiff's interest.  Defendant argues that this factor favors a stay because "the NAD's decision may be illuminating for further resolution in this case, and thus beneficial to plaintiffs." Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc., 523 F. Supp. 2d 376, 384 (S.D.N.Y. 2007).  However, given that plaintiff has chosen to not participate in the NAD proceeding "[b]ecause the due process protections afforded litigants in court proceedings and case precedent" would not be available to it,[24] no efficiency or fairness will result from a stay of this case.  This factor weighs against a stay.

---

[24]Plaintiff's Opposition in Response to Defendant's Motion to Dismiss or, Alternatively, Stay at 11, Docket No. 15.

    Burden on defendant.  Defendant argues that denying a stay will
burden it because litigation in this court could take two years or
more, during which time plaintiff's false advertising will continue
to hurt defendant's sales.  Defendant contends that it has a strong
interest in obtaining a timely decision from NAD.  Defendant also
contends that it has invested time and money since August 2010 in
preparing and initiating the NAD challenge.  See id. (potential loss
of resources a party has already put into a NAD challenge weighs in
favor of a stay).

    Defendant might receive a resolution of its claims against
plaintiff more quickly in the NAD proceeding, but there is no
evidence that defendant has invested a great deal of time and money
into the NAD proceeding.  This factor weighs slightly in favor of
defendant's request for a stay.

    Convenience to the court.  Defendant argues that this factor
weighs heavily in favor of a stay for two reasons.  One, defendant
contends that a NAD decision could improve the prospect of
settlement because a NAD decision will give the parties a reliable
indication of how key issues in this case might turn out in court.
See AMF Inc. v. Brunswick Corp., 621 F. Supp. 456, 461 (E.D.N.Y.
1985) (finding it "highly likely" that a NAD decision would help
resolve differences between the parties even though NAD decisions
are not binding on the court).  Second, defendant contends that
NAD's findings would assist the court in reaching its decision.  See

-14-

Russian Standard, 523 F. Supp. 2d at 384 (granting stay in part because court could "benefit from the expertise of the NAD's decision").  This factor does not weigh in favor of a stay.  Given plaintiff's refusal to participate in the NAD proceeding, it seems unlikely that a NAD decision would improve the prospect of settlement.  In addition, the court is quite capable of evaluating plaintiff's Lanham Act claim without the benefit of NAD's findings.

Interests of non-parties and the public. Defendant argues that both of these factors weigh in favor of a stay because NAD decisions provide guidance to entire industries.  See id. at 385 (NAD decision will "set advertising standards for the industry on an important issue" and "[t]he public and industry would benefit greatly from hearing the NAD's opinion on the issue").  Defendant argues that other competitors in the animal health products industry would benefit from the NAD's opinion on what claims may be made in flea and tick control advertising, and defendant argues that veterinarians and pet owners would benefit from a clearer understanding as to what such claims actually mean.  But, a court decision can provide the same guidance to others as a NAD decision. This factor weighs against a stay.

After weighing the relevant factors, the court is unconvinced that a stay would be appropriate here.  Defendant's motion for a stay is denied.

<u>Conclusion</u>

Defendant's motion to dismiss[25] is granted.  Plaintiff's complaint is dismissed in its entirety.  Counts Two and Three are dismissed with prejudice.  Counts One and Four are dismissed without prejudice.

Plaintiff's motion to amend[26] is granted in part and denied in part.  Plaintiff may amend as to its Lanham Act claim but any such amendment may not include any allegations that defendant violated FIFRA or FTC Act regulations.  Plaintiff may also amend as to Count Four.  Plaintiff's amended complaint shall be filed on or before June 3, 2011.

Defendant's alternative motion to stay[27] is denied.

DATED at Anchorage, Alaska, this <u>13th</u> day of May, 2011.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[25]Docket No. 12.

[26]Docket No. 15.

[27]Docket No. 12.